U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 2017

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NYLONDA SHARNESE,<br>　　　Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security<br>Administration,<br>　　　Defendant. | )<br>)<br>)<br>)　No. 3:16-CV-2019-N (BF)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Nylonda Sharnese ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claim for supplemental security income under Title XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments including depression and anxiety. Tr. 263, ECF No. 15-7. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 21, 2014 in Dallas, Texas before ALJ Melinda W. Kirkpatrick (the "ALJ"). Tr. 40, ECF No. 15-3. Plaintiff was born on December 13, 1966, and at the time of the hearing, Plaintiff was 48 years old. Tr. 47, ECF No. 15-3. Plaintiff obtained a law degree in 2012, a master's degree in 2010, a BS in business administration in 1992, and associate degrees in 1987 and 1989. Tr. 48-49, ECF No. 15-3. Plaintiff stated that she works at the law office of Angela Williams for about four hours a week at a rate of $10/hour. Tr. 51-52, ECF No. 15-3. Plaintiff has past work

experience as a paralegal, payroll supervisor, accounting clerk, administrative assistant, and a computer technician. Tr. 97, ECF No. 15-3.

The ALJ issued her decision on November 7, 2014 finding that Plaintiff has not been under a disability as defined in the Social Security Act from April 10, 2013 through the date of her decision. Tr. 22-32, ECF No. 15-3. The ALJ determined that Plaintiff has the following severe impairments: depression, anxiety disorder, delusional disorder, cognitive dysfunction, somatoform disorder, migraines, reported history of scoliosis, and history of right knee cyst. Tr. 24, ECF No. 15-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 24, ECF No. 15-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). Tr. 26, ECF No. 15-3. Taking into consideration Plaintiff's psychological limitations, the ALJ determined that Plaintiff could understand, remember, and carry out routine and repetitive 5-step instructions, make work-related decisions, attend and concentrate for extended periods of up to 2 hour intervals, have occasional interaction with co-workers and supervisors, and appropriately respond to changes in a routine work setting. Tr. 26, ECF No. 15-3. The ALJ determined that Plaintiff could not perform her past relevant work as a loan officer, supervisor, paralegal, and accounting clerk, but that Plaintiff had the RFC to perform jobs such as an inspector, silverware wrapper, and bakery worker. Tr. 31-32, ECF No. 15-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on April 8, 2016, the Appeals Council denied Plaintiff's request. Tr. 8, ECF No. 15-3. Plaintiff subsequently filed this action in the District Court on July 11, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> 
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> 
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> 
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> 
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v.*

*Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff contends that she is unable to work due to severe depression, psychomotor retardation, mental confusion, and anxiety. Pl.'s Br. 2, ECF No. 21. The Commissioner argues that, while the medical evidence confirms that Plaintiff has been diagnosed with and treated for depression and anxiety, diagnoses and treatments do not confer disability, and in order to prove that Plaintiff is disabled, Plaintiff must provide evidence of functional limitations that preclude her from performing substantial gainful activity. Def.'s Br. 8, ECF No. 24 (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). The Commissioner argues that Plaintiff failed to reference any evidence showing that she has limitations that exceed those found by the ALJ in her detailed RFC determination. Def.'s Br. 8-9, ECF No. 24 (citing Tr. 26, ECF No. 15-3). Rather, the Commissioner points out that Dr. Jim Cox, Dr. Gordon Day, Dr. Fred Giola, Dr. Randall Rattan, Dr. Travis Whitfill, and Dr. Yuan Xing all did not identify any limitations that would preclude Plaintiff from performing a modified range of light work. Def.'s Br. 9, ECF No. 24. Furthermore, the Commissioner points out that Plaintiff failed to appear for scheduled appointments and comply with prescribed treatment and argues that such conduct precludes a finding of disability under the Social

5

Security Act. Def.'s Br. 6, ECF No. 24 (citing *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990)).

The ALJ discussed Plaintiff's treating neurologist, Dr. Gordon's notes of Plaintiff's normal recent and remote memory, normal attention span and concentration, and Plaintiff's non-compliance with treatment. Tr. 27, ECF No. 15-3; Tr. 675-76, ECF No. 15-15. The ALJ also discussed Plaintiff's consultative psychological examination with Dr. Rattan in May of 2013 wherein Plaintiff reported that she volunteered at a courthouse in Plano, Texas, helped her nieces with homework, lifted weights, and swam 2-3 times a week, and worked on cases in teen court. Tr. 27, ECF No. 15-3; Tr. 573, ECF No. 15-13. In addition, the ALJ discussed Dr. Rattan's observation that Plaintiff's thought processes were logical, sequential, and coherent, but that Plaintiff had mildly divergent thinking. Tr. 27, ECF No. 15-3; Tr. 576, ECF No. 15-13. The ALJ also noted that Plaintiff reported to Dr. Xing in January of 2014 during a neurology follow-up visit that her depressive symptoms were improving and that she reported that her "depression is 75% better" to her treating psychiatrist. Tr. 28, ECF No. 15-3; Tr. 663, 678, ECF No. 15-15. The ALJ discussed that while Dr. Fu Woon opined in February of 2014 during a neuropsychological examination that Plaintiff's cognitive profile could result in difficulty returning to work, Dr. Woon did not state whether this opinion was related to her past skilled work, or if this opinion also applied to unskilled work. Tr. 28, ECF No. 15-3; Tr. 644, ECF No. 15-15. Therefore, the ALJ stated that she gave his opinion little weight, because it lacked specificity. Tr. 28, ECF No. 15-3. The ALJ further discussed that Plaintiff's treating psychiatrist, Dr. Giola noted during an April 2014 follow-up examination that another provider, Dr. Butler struggled working with Plaintiff in counseling, because she often failed to show for appointments and had minimal compliance with treatment. Tr. 28, ECF No. 15-3; Tr. 658, ECF No. 15-15.

The ALJ concluded that "[d]espite extensive evaluation for her impairments, there was an absence of objective clinical findings to support the significant limitations alleged" by Plaintiff. Tr. 30, ECF No. 15-3. The ALJ went on to state that the "medical evidence of record documented multiple instances wherein the claimant refused to follow treatments recommended by her physician[,]" and that Plaintiff "was non-compliant both with her medication on multiple occasions, and also with counseling and other therapy." Tr. 30, ECF No. 15-3. Furthermore, the ALJ noted that Plaintiff "testified that she is independent in her activities of daily living, shops, cooks, performs household chores, drives to the drug store, goes to the library, and engages with her nieces and nephews[,]" and that this level of activity is "inconsistent with an impairment of disabling severity." Tr. 30, ECF No. 15-3. As previously stated, an "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9. Upon consideration of the foregoing, the undersigned concludes that substantial evidence supports the ALJ's decision, and that the final decision of the Commissioner should be affirmed.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).